IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re VESTA INSURANCE GROUP, INC., SECURITIES LITIGATION | CIVIL ACTION NO.<br><br>98-AR-1407-S |

FILED OCT 23 PM 2:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 23 2000

**MEMORANDUM OPINION**

Before the court are defendants' motions to dismiss plaintiffs' consolidated amended class action complaint alleging violations of the federal securities laws ("Amended Complaint"). For the reasons set forth below, defendants' motions to dismiss will be denied.

**DISCUSSION**

**A. MOTION TO DISMISS STANDARD**

In determining whether to grant a Fed.R.Civ.P. Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to plaintiffs, and all facts alleged by plaintiffs are accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984). Generally, a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46,

78 S. Ct. 99 (1957). The court should ignore those allegations that contain no more than opinions or legal conclusions. *South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996). In order to survive a motion to dismiss, plaintiffs' allegations of securities fraud must also satisfy the requirements of Fed.R.Civ.P. Rule 9(b). That rule provides, in relevant part, that "the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") added new pleading requirements to claims arising under the Exchange Act. 15 U.S.C. § 78U-4(b). First, the PSLRA provides that in any private action premised on an untrue statement or omission of material fact "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). In addition, with respect to any claim where recovery is permitted "only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to

2

violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). As such, a private securities plaintiff who is proceeding under the PSLRA must plead particular facts that "give rise to a strong inference that the defendant acted in a severely reckless manner . . . [A] showing of mere motive and opportunity is insufficient to plead scienter." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1287 (11th Cir. 1999).

### B. SECTION 10(B) AND RULE 10-B5 PROMULGATED THEREUNDER

Section 10(b) of the Securities Exchange Act makes it unlawful for any person, directly or indirectly, to use in connection with the mails or facilities of interstate commerce any "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe . . . ." 15 U.S.C. § 78j. The SEC has adopted Rule 10b-5 which provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, (1) to employ any device, scheme, or artifice to defraud, (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of circumstances under which they were made, not misleading, or (3) to engage in any act, practice, or course of business which operates

3

>     or would operate as a fraud or deceit upon any
>     person, in connection with the purchase or
>     sale of any security.

17 C.F.R. § 240.10b-5.

To state a claim upon which relief can be granted for federal securities fraud under Rule 10b-5, a plaintiff must allege that "in connection" with the purchase or sale of securities: (1) the defendant made a false statement or omission of material fact; (2) with scienter; (3) upon which the plaintiff justifiably relied; and (4) that caused the plaintiff to suffer injury. *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441, 1447 (11th Cir. 1997).

### C. SECTION 20(a) - CONTROL PERSON LIABILITY

Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), provides that "every person who, directly or indirectly, controls any person liable under any provision of this chapter or any rule or regulation thereunder shall be liable jointly and severally with and to the same extent as such controlled person." 15 U.S.C. § 78t(a). *See Brown v. Enstar Group, Inc.*, 84 F.3d 393 (11th Cir. 1996); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326, 1346 (S.D. Fla. 1999). In the Eleventh Circuit, a defendant is liable as a controlling person under section 20(a) if he, she or it "had the power to control the general affairs of the entity

4

primarily liable at the time the entity violated the securities laws ... [and] had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability." *Brown*, 84 F.3d at 396.

### D. ANALYSIS

Plaintiffs allege that between June 2, 1995 and June 29, 1998, defendants disseminated false financial statements for each of Vesta Insurance Group, Inc.'s ("Vesta") interim quarters during that period and for the years ended December 31, 1995, 1996 and 1997, thereby overstating Vesta's cumulative revenues and net income. Plaintiffs also allege that defendants made false and misleading statements about Vesta's financial condition and performance. As a result of these alleged false statements, Vesta stock price is alleged to have increased to previously unseen levels. A number of defendants sold shares of Vesta stock at these "inflated prices" realizing an aggregate profit of approximately $13 million. In addition, plaintiffs allege that Vesta was able to complete a $100 million debt offering in July 1995, and complete a number of acquisitions, as a direct result of Vesta's inflated stock price. Plaintiffs allege that defendants' actions violated section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and that certain named defendants violated section

20(a) of the Exchange Act.

In their respective Fed.R.Civ.P. Rule 12(b)(6) motions, defendants contend that plaintiffs fail to state a claim and fail to allege specific facts that support a strong inference of fraudulent intent as required by section 21D of the PSLRA. Finally, defendants assert that plaintiffs fail to plead fraud with particularity as required by Fed.R.Civ.P. Rule 9(b).

The court finds that plaintiffs' claims are set forth with sufficient particularity to support a claim for securities fraud against defendants and control person liability against those parties named in Count II of the Amended Complaint. Plaintiffs' Amended Complaint pleads fraud with sufficient particularity to satisfy Fed.R.Civ.P. Rule 9(b) and plaintiffs' allegations, if true, are sufficient to create the basis for a strong inference of conscious deceit and/or recklessness.

## CONCLUSION

A separate and appropriate order will be entered.

DONE this 23rd day of October, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE